UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

JAMES NELSON WATTS, IV,      )
                                 )
     Plaintiff,          )      Civil No. 5: 17-134-JMH
                                 )
V.                           )
                                 )
STEVE HANEY, et al.,        )      **MEMORANDUM OPINION**
                               )          **AND ORDER**
     Defendants.        )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

James Nelson Watts, IV, is an inmate presently confined at the Northpoint Training Center in Burgin, Kentucky. Watts has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court granted his motion to proceed *in forma pauperis* in a prior Order. [R. 8]

The Court must conduct a preliminary review of Watts's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Watts's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in

the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Watts alleges that in May 2016 while housed at the Fayette County Detention Center ("FCDC"), he filed a request seeking medical attention for an inguinal hernia. On May 9, 2016, nurse practitioner Pat Warner approached him in his housing unit where he was working as a meal-time trustee. At that time, Warner told Watts to lower his pants and conducted an examination at that location, which Watts states did not afford him any privacy. Watts indicates that one inmate was able to observe the examination. Watts contends that this conduct violated his rights to privacy under the Eighth Amendment and under the "Health Insurance Portability and Privacy Act." Watts has named as defendants nurse Pat Warner, FCDC Jailer Steve Haney, and Kristin Fryman, a medical administrator at Corizon Medical. [R. 1 at ,7]

Having thoroughly reviewed the complaint, the Court concludes that it must be dismissed for a number of reasons. First, in a letter filed shortly after his complaint was filed, Watts readily acknowledged that he did not attempt to exhaust his administrative remedies regarding his claims following an internal affairs investigation because "I was unaware that I was required to file a grievance about the incident." [R. 9 at 1] Federal law, however, requires that all administrative remedies be exhausted as a precondition to filing suit. 42 U.S.C. § 1997e(a); *Jones v. Bock*,

549 U.S. 199, 212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that un-exhausted claims cannot be brought in court." Dismissal upon initial screening is therefore appropriate. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999).

In addition, Watts named the jailer and a medical administrator as defendants, but he makes no allegations against them in his complaint. They are not liable merely because they hold supervisory positions at the jail. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer."); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). And while the examining nurse could have been more sensitive to Watts's desire for privacy, her actions were simply not serious enough to implicate the Eighth Amendment. Cf. *Rodriguez v. Ames*, 287 F. Supp. 2d 213, 219 (W.D.N.Y. 2003) ("The Eighth Amendment's right to be free from cruel and unusual punishment does not guarantee that plaintiff will receive any and all medical care in total privacy."); *Newman v. County of Ventura*, No. CV 09-4160, 2010 WL 1266719, at *9 (C.D. Cal. Mar. 8, 2010) (dismissing Eighth Amendment claim against nurse who ordered inmate to pull down pants in room crowded with other inmates to examine injury to inmate's buttocks); *Jefferson v.*

*Katavich*, No. 1: 16-CV-359, 2017 WL 56725890, at *1 (E.D. Cal. Nov. 22, 2017).

Finally, the federal statute Watts refers to in his complaint is actually called the Health Insurance Portability and Accountability Act ("HIPAA"). Title II of the Act does contain a privacy rule, but it requires only that medical records and documents be kept confidential – it does not create a broad right to "privacy" generally. See 45 C.F.R. § 160.103 (defining "protected health information"); § 164.104(a). Watts's complaint therefore states no claim under HIPAA.

Accordingly, it is **ORDERED** as follows:

1.  Plaintiff's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

2.  The Court will enter an appropriate judgment.

3.  This matter is **STRICKEN** from the active docket.

This 27th day of February, 2018.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge